UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

OLEKSANDR KRASYLNYKOV,

Petitioner,

v. Case No. 3:26-cv-2518-MMH-LLL

WARDEN, NORTH FLORIDA DETENTION FACILITY, et al.,

Respondents.

# ORDER

Petitioner Oleksandr Krasylnykov, an immigration detainee, initiated this action by filing a pro se Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1; Petition) on September 22, 2026. See generally Petition. Krasylnykov, a citizen of Ukraine, was temporarily detained at the Toronto airport and paroled into the United States on January 12, 2024. See id. at 2; Record of Deportable/Inadmissible Alien (Doc. 7-1) at 2. On September 12, 2026, United States Immigration and Customs Enforcement (ICE) re-detained him. Petition at 2. As relief, Krasylnykov seeks, inter alia, a bond hearing or, alternatively, release from custody. Id. at 4.

Krasylnykov argues that his detention without a bond hearing violates the Immigration and Nationality Act. Id. at 3–4. The Eleventh Circuit Court

of Appeals has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026). Although Hernandez Alvarez did not directly address the circumstance of a petitioner, like Krasylnykov, who is detained at or near the border, paroled into the United States, and is re-detained years later, its reasoning also applies to this case. Krasylnykov was not seeking entry at the border when he was re-detained; therefore, he is not subject to § 1225. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Accordingly, it is **ORDERED**:

1. Krasylnykov's Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is **GRANTED** as to his claim that his detention without an individualized bond hearing violates the Immigration and Nationality Act.[1] Within **seven days** of this Order, Respondents shall either afford Krasylnykov an individualized bond hearing consistent with 8 U.S.C. §

[1] Because the Court finds that Krasylnykov is entitled to relief on his assertion that Respondents violated the Immigration and Nationality Act, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

1226(a) or release him.[2] If Respondents release Krasylnykov, they shall provide him with access to a telephone to arrange transportation from the detention facility.

2. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 21st day of October, 2026.

MARCIA MORALES HOWARD
United States District Judge

lc36
c:
Counsel of Record

[2] Krasylnykov is not entitled to immediate release. See Portillo v. Gualtieri, No. 8:26-CV-1718-KKM-LSG, 2026 WL 2069943, at *2 (M.D. Fla. July 17, 2026) ("Because a bond hearing provides adequate procedure, the 'comfortable majority position' remains that a habeas petitioner is entitled only to a bond hearing, not immediate release." (quoting Molina v. Warden, Glades Cnty. Det. Ctr., No. 2:26-CV-2009-KCD-KRH, 2026 WL 1965132, at *1 (M.D. Fla. July 8, 2026))).